**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RICHARD GREENLEE,

           Plaintiff,

                                  CIVIL ACTION

v.

                                  No:  08-2396-JWL-GLR

DELMAR GARDENS OF OVERLAND
PARK,

           Defendant.

## **ORDER**

This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (doc. 3). Plaintiff requests that the Court appoint counsel to represent him in this case.

Unlike a criminal case, a plaintiff has no constitutional or statutory right to appointed counsel.[1] Title VII of the Civil Rights Act[2] provides that the district court may, in its discretion, appoint counsel for a plaintiff "in such circumstances as the court may deem just."[3]

The Tenth Circuit Court of Appeals has identified four factors that are relevant when evaluating motions for the appointment of counsel in Title VII cases.[4] Before the Court may appoint counsel, the plaintiff must make affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420-22 (10th Cir. 1992).

[2] 42 U.S.C. §§ 2000e-2000e-17.

[3] 42 U.S.C. § 2000e-5(f)(1).

[4] *Castner*, 979 F.2d at 1421.

discrimination.[5]  In addition, plaintiff's capacity to present the case without counsel should be considered in close cases as an aid in exercising discretion.[6]

The Court finds Plaintiff has not made an affirmative showing of the second factor, diligence in attempting to secure counsel prior to filing the motion for appointment of counsel. Plaintiff indicates in his Motion for Appointment of Counsel that he contacted only one attorney and "prepaid legal services" before filing his motion.  Plaintiff's motion does not indicate any other efforts or attempts to contact attorneys to secure counsel to represent him.   The Tenth Circuit has indicated that one important factor to be considered in deciding whether to appoint counsel in a Title VII case is the plaintiff's diligence in searching for counsel.[7]  Although a plaintiff is "not required to exhaust the legal directory, a plaintiff must demonstrate that he or she has made a reasonably diligent effort under the circumstances to obtain counsel."[8]  The number of attorneys contacted, the availability of counsel in the geographic area who represent employment discrimination claims, and the plaintiff's possible skill or lack of skill to obtain such help are factors to be considered.[9]  Applying this rule, this Court has typically required a Title VII plaintiff seeking appointed counsel to confer with at least five attorneys regarding

---

[5] *Id.*

[6] *Id.*

[7] *Id. at* 1422.

[8] *Id.* (internal quotations and citations omitted).

[9] *Castner,* 979 F.2d at 1422.

legal representation.[10]  The failure to confer with at least five attorneys is grounds to deny the application for appointment of counsel.[11]

If plaintiff has not previously contacted the Lawyer Referral Service to obtain names of attorneys in the Kansas City area who handle cases such as the one filed by plaintiff, the court encourages plaintiff to do so. The address and telephone number of the Lawyer Referral Service is as follows: 200 N. Broadway, Suite 500, Wichita, Kansas 67202, 1-800-928-3111.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (doc. 3) is denied.

Dated in Kansas City, Kansas on this 17th day of September, 2008.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

---

[10] *Wheeler v. Wichita Police Dep't,* No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).

[11] *Id.*

3