**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

RICHARD GREENLEE,

        Plaintiff,

                              CIVIL ACTION

v.

                              No:  08-2396-EFM-GLR

DELMAR GARDENS OF OVERLAND
PARK,

        Defendant.

**<u>ORDER</u>**

This matter comes before the Court on Plaintiff's second Motion for Appointment of Counsel (doc. 14). Plaintiff renews his request that the Court appoint counsel to represent him in this case.

Unlike a criminal case, a civil plaintiff has no constitutional or statutory right to appointed counsel.[1] Title VII of the Civil Rights Act[2] provides that the district court may, in its discretion, appoint counsel for a plaintiff "in such circumstances as the court may deem just."[3]

The Tenth Circuit Court of Appeals has identified four factors that are relevant when evaluating motions for the appointment of counsel in Title VII cases.[4] Before the Court may appoint counsel, the plaintiff must make affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420-22 (10th Cir. 1992).

[2] 42 U.S.C. §§ 2000e-2000e-17.

[3] 42 U.S.C. § 2000e-5(f)(1).

[4] *Castner*, 979 F.2d at 1421.

discrimination.[5] In addition, plaintiff's capacity to present the case without counsel should be considered in close cases as an aid in exercising discretion.[6]

The Court previously denied Plaintiff's first motion for appointment of counsel without prejudice based on its finding that Plaintiff had not made an affirmative showing of the second factor, i.e., diligence in attempting to secure counsel prior to filing the motion for appointment of counsel. In his second motion for appointment of counsel, Plaintiff indicates that he has contacted attorney referral services in Wichita and in the Kansas City metropolitan area, as well as three law firms. Based on these reported efforts, the Court finds that Plaintiff has shown diligence in attempting to secure counsel. But this does not end the Court's inquiry; it must also consider whether Plaintiff has made an affirmative showings of meritorious allegations of discrimination. Plaintiff's Employment Discrimination Complaint (doc. 4) asserts claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA") based on conduct which allegedly occurred in August 2006. Plaintiff also states that he believed that he was harassed and retaliated against by Defendants.

Defendants have filed a motion to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted based upon his failure to plead any essential facts relating to his claims, and for lack of subject matter jurisdiction based upon his failure to exhaust his administrative remedies. Defendants also ask the Court to take judicial notice that the District

---

[5] *Id.*

[6] *Id.*

of Kansas and the Tenth Circuit have addressed Plaintiff's litigious habit of filing questionable lawsuits.

Plaintiff has recently filed his right-to-sue letter from the EEOC (doc. 15), which indicates that his EEOC charge was not timely filed. It thus appears likely that the Court will dismiss some of Plaintiff's claims for lack of subject matter jurisdiction.

Nonetheless, even if some of Plaintiff's claims survive dismissal, the Court finds that Plaintiff has the capacity to adequately represent himself in this Title VII case. Plaintiff has previously been a litigant and has familiarized himself with navigating the courts, as evidenced by his previous suits filed pro se. Moreover, upon review of the filings, this case involves relatively uncomplicated facts. Plaintiff need only explain he believes Defendants violated his civil rights. The Court is confident that the District Judge assigned to the case will be capable of understanding the applicable law. Given the liberal standards governing pro se litigants, if Plaintiff devotes sufficient efforts to presenting his case, he can do so adequately without the assistance of counsel.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (doc. 14) is denied.

Dated in Kansas City, Kansas on this 13th day of November, 2008.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge