IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD GREENLEE,

        Plaintiff,

                                        Civil Action

v.

                                        No. 08-2396-GLR

DELMAR GARDENS OF
OVERLAND PARK,

        Defendant.

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Abrogate (doc. 36), in which Plaintiff asks "for a more caring judge under the circumstances with my case and lawsuit." He has attached to his motion a printout of the docket entry (doc. 34) of May 28, 2009. By that entry the undersigned magistrate judge entered an order that sustained Defendants' Joint Motion for Leave to Supplement Motion to Dismiss. It thereby granted Defendants ten days within which to file their supplement. It also granted Plaintiff 23 days from the date of service of the supplement within which to file any further response. Except for the copy of this docket entry, Plaintiff has filed no affidavit, memorandum or other document in support of his motion to abrogate. In their response to the motion, Defendants construe the motion as one for recusal.

The Court also construes the motion to abrogate as one for recusal. Plaintiff has provided neither facts nor law, however, to support a recusal. In the context of litigation the undersigned magistrate judge construes the term "caring" to mean a personal attribute for having a thoughtful concern, regard, compassion, or inclination favorable to one or more of

the litigants or to their cause or their defense.  Plaintiff has shown nothing, however, to suggest that a higher measure of such attribute is a legitimate premise for passing the case from one judge to another.  And the Court otherwise knows of no authority for it to do so.

As Defendants note in their response, 28 U.S.C. § 144 allows a moving party to seek recusal from any proceeding upon a showing that the judge in question "has a personal bias or prejudice either against him or in favor of any adverse party. . . ."  In order to seek recusal under this rule, however, the movant must file a "timely and sufficient affidavit" that the targeted judge has such a bias or prejudice.  Plaintiff has filed no such affidavit.

Defendants have also cited 28 U.S.C. § 455(a) as a premise for a magistrate or other judge "to disqualify himself in any proceeding to which his impartiality might reasonably be questioned."  The statute lists five separate, independent grounds for undertaking such disqualification.  Without enumerating them, the undersigned magistrate judge finds that none of them apply to justify disqualifying himself in this case.  For all the foregoing reasons, the Court overrules the motion to abrogate.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Abrogate (doc. 36) is overruled, as set forth herein.

Dated in Kansas City, Kansas on this 21st day of August, 2009.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge