IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD GREENLEE,

                    Plaintiff,

                                                            Civil Action

v.

                                                            No. 08-2396-GLR

DELMAR GARDENS OF
OVERLAND PARK,

                    Defendant.

## MEMORANDUM AND ORDER

Plaintiff *pro se* brings suit against Defendant for employment discrimination.  The Court has

before it the following motions:  Defendant's Motion to Dismiss, or in the Alternative for a More

Definite Statement (doc. 11); Plaintiff's Motion to the Judge to Intervene (doc. 38); Defendant's

Motion to Compel (doc. 45); Plaintiff's Motion for Extension of Time (doc. 48); Defendant's

Motion to Order Plaintiff to Attend his Scheduled Deposition (doc. 50); Defendant's Motion to

Amend Scheduling Order (doc. 54); and Defendant's Motion for Sanctions (doc. 56).  Defendant's

Motion to Dismiss, filed pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1), seeks dismissal of the

claims in Plaintiff's amended complaint, entitled Employment Discrimination Complaint (doc. 4)

filed September 4, 2008.  In the alternative, Defendant moves for a more definite statement pursuant

to Fed. R. Civ. P. 12(e).  The parties have consented to jurisdiction by a United States Magistrate

Judge pursuant to 28 U.S.C. § 636(c).  As set forth below, the motion to dismiss is sustained.  All

the remaining motions are denied as moot.

## I.      Operative Complaint

On August 29, 2008, Plaintiff filed a Complaint against Defendants Delmar Gardens of

Overland Park and Delmar Gardens Enterprises for claims arising under the Family Medical Leave

Act ("FMLA"). Six days later, on September 4, 2008, Plaintiff filed an amended complaint, consisting of an "Employment Discrimination Complaint" form (hereinafter referred to as "Amended Complaint").[1] In his Amended Complaint, Plaintiff names Delmar Gardens of Overland Park as the sole defendant.[2] Checking boxes on the form complaint, he asserts multiple claims for employment discrimination, invoking several federal statutes: Title VII of the Civil Rights Act of 1964 (Title VII)[3] for employment discrimination on the basis of race, color, religion, gender and national origin; Age Discrimination in Employment Act of 1967, as amended (ADEA);[4] and American with Disabilities Act of 1990, as amended (ADA).[5] He also checked all the boxes provided on the form, indicating that he suffered discrimination based on race or color, religion, national origin, gender, disability, and age. Plaintiff added in his Amended Complaint that he was claiming harassment and retaliation. His Amended Complaint contains no reference to his prior alleged FMLA claim and contains no factual allegations supporting any of his discrimination claims. Nor does it refer to any of the allegations of his original complaint.

_____

[1] Amend. Compl. (doc. 4).

[2] Plaintiff originally named "Delmar Gardens of Overland Park" and "Delmar Gardens Enterprises" as defendants in his original complaint (doc. 1)  His Amended Complaint (doc. 4), however, only lists "Delmar Gardens of Overland Park" as a defendant. Plaintiff has therefore dismissed his claims against defendant "Delmar Gardens Enterprises" by his filing of his Amended Complaint as a matter of course under Fed. R. Civ. P. 15(a)(1)(A).

[3] 42 U.S.C. §§ 2000e *et seq.*

[4] 29 U.S.C. §§ 621 *et seq.*

[5] 42 U.S.C. §§ 12101 *et seq.*

It is well established that an amended complaint supersedes the original complaint and renders the original complaint of no legal effect.[6] "Upon the proper filing of an amended complaint, the district court limits its examination to those claims included in the most recently amended complaint."[7] "The original pleading, once superseded, cannot be utilized to cure defects in the amended pleading, unless the relevant portion is specifically incorporated in the new pleading."[8] Fed. R. Civ. P. 10(c) does, however, provide that specific allegations of the prior complaint may be referenced or incorporated by the amended complaint, but only if reference to allegations in the prior complaint is direct and specific.[9] Despite the liberal construction applied to the pleadings, the *pro se* plaintiff remains subject to the same rules of procedure that govern other litigants.[10]

Applying the above rules, the Court holds that Plaintiff's Amended Complaint supersedes the claims and allegations contained in his original complaint. The Court will look solely to Plaintiff's Amended Complaint in assessing his asserted claims.

---

[6]*Pacific Bell Tel. Co. v. Linkline Commc'ns, Inc.,* 129 S. Ct. 1109, 1123 n.4 (2009); *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007). *See also Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (explaining that court looks to plaintiff's amended complaint filed pursuant to Fed. R. Civ. P. 15(a) because the amended complaint supercedes the original); *Franklin v. Kan. Dep't of Corr.*, 160 Fed. App'x. 730, 734 (10th Cir. 2005) (stating district court did not err in examining only claims included in pro se plaintiff's second amended complaint, which superceded the original complaint and rendered it of no legal effect).

[7]*Heineman v. United States*, No. 06-4086-SAC, 2006 WL 3512949, at *2 (D. Kan. Nov. 16, 2006).

[8]6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990).

[9]*Heineman*, 2006 WL 3512949, at *2.

[10]*Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005).

3

**II.     Defendant's Motion to Dismiss, or in the Alternative for More Definite Statement (doc. 11)**

Defendant has filed a Motion to Dismiss, or in the Alternative for a More Definite Statement (doc. 11).  First, pursuant to Fed. R. Civ. P. 12(b)(6), the motion seeks dismissal of the Amended Complaint for failure to state a claim upon which relief may be granted.  Defendant thereby asserts that the Amended Complaint states nothing but conclusions and lacks any statement of facts to support any of the claims asserted by Plaintiff.  The amended "Employment Discrimination Complaint" (doc. 4) adopts the form this Court has provided to assist *pro se* plaintiffs.  In using it, Plaintiff has indicated that his lawsuit is based upon claims arising under Title VII, the ADEA, and ADA.  The Amended Complaint further states that the offending conduct of Defendant consists of the following:  termination of employment, failure to accommodate the disability of Plaintiff, terms and conditions of his employment differ from those of similar employees, and retaliation.  The pleading alleges that the alleged discrimination was based upon race or color, religion, national origin, gender, disability, age, harassment, and retaliation.  The form complaint provided the following instructions and space for asserting facts: "State here, as briefly and clearly as possible, the essential facts of your claim.  Describe specifically the conduct that you believe is discriminatory and describe how each defendant is involved in the conduct.  Take time to organize your statement; you may use numbered paragraphs if you find it helpful.  It is not necessary to make legal arguments, or to cite cases or statutes."  The Amended Complaint contains nothing, however, responsive to these instructions.  It otherwise identifies the date of the allegedly offensive conduct as "Aug 06."  It states that Plaintiff no longer works for Defendant or was not hired and that it did deny a request for reasonable accommodation as to his disability-related claim.  Aside from a

4

request for the Court to direct Defendant to re-employ Plaintiff, the Amended Complaint states nothing further as relevant facts.

In ruling on Defendant's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court assumes as true all well-pleaded factual allegations and then determines whether they plausibly give rise to an entitlement of relief.[11] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[12] In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense.[13]

As the Supreme Court recently explained in *Ashcroft v. Iqbal*, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[14] Plaintiff bears the burden to frame his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough for him to make threadbare recitals of a cause of action accompanied by mere conclusory statements.[15] Plaintiff makes a facially plausible claim when he pleads factual content from which the court can reasonably infer that the defendant is liable for the misconduct alleged.[16] Plaintiff must show more than a sheer possibility that a defendant has acted

---

[11]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[12]*Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[13]*Id.* at 1950.

[14]*Id.* at 1949.

[15]*Id.* (citing *Twombly*, 550 U.S. at 556).

[16]*Id.*

unlawfully — it is not enough to plead facts that are "merely consistent with" liability.[17] "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[18] Rather, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]

Because plaintiff appears *pro se*, the Court must remain mindful of additional considerations. A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[20] Thus, if a *pro se* plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[21] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[22] For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any

---

[17]*Iqbal,* 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

[18]*Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

[19]*Id.* (citing *Twombly*, 550 U.S. at 556).

[20]*Hall v. Bellmon*, 935 F.2d, 1106, 1110 (10th Cir. 1991).

[21]*Id.*

[22]*Id.*

discussion of those issues,"[23] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[24]

For the reasons stated by Defendant in its supporting and reply memoranda, the Court finds the motion to dismiss to have merit. The Amended Complaint consists merely of the conclusions that Plaintiff has these various claims to assert. It lacks any adequate statement of facts upon which relief may be granted. It lacks any statement of facts as to what Defendant did or failed to do that constituted discrimination. It fails to state where any offensive conduct occurred. It provides no date(s) of such discrimination, except "Aug 06."

Case law both of the United States Supreme Court and of the Tenth Circuit Court of Appeals clearly require a complaint at minimum to contain some sufficient statement of facts, not simply conclusions, to state a claim to relief that is plausible on its face.[25]   In this instance, the Amended Complaint contains no such statement of facts.

The Court does note that, in response to the motion to dismiss, Plaintiff filed a "Motion for More Definite Statement" (doc. 23). Notwithstanding its title, the item does not purport to ask for anything. The Court instead construes it as an addendum of allegations intended to supplement the Amended Complaint in response to the arguments of Defendant about the insufficiency of the pleading. Adding these allegations to the Amended Complaint and construing them in the light most favorable to Plaintiff, however, leads only to finding that they are inadequate to cure the deficiencies of his pleading. The statements consist only of a rambling, jumbled medley of words and phrases

---

[23]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[24]*Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

[25]*Iqbal*, 129 S. Ct. at 1949.

that randomly and only generally refer to a variety of matters, including the following: workers

compensation claims; FMLA leave; attacks of terrorism "by tresserial living states in alm antem;"

back and leg injuries; physical therapy; insurance benefits; personal disability; denial of employment

by Defendant prior to filing an EEOC complaint for discrimination in 2005; eligibility for various

benefits under federal law as a victim of crime; and citations to various statutes and other legal

authorities about employment law. Neither a litigant nor the Court can reasonably determine how

this hodgepodge of words can be added to the Amended Complaint so as to assert a claim that is

plausible on its face, as required by *Iqbal*.[26]

In its order of November 13, 2008 (doc. 18), denying a second motion for appointment of

counsel, the Court noted that Plaintiff, with previous experience as a *pro se* litigant, should be able

to provide some statement sufficient to present his claim. In the instant case, the Amended

Complaint and the additional statement (doc. 23) contain many conclusions. But, taken either

separately or together, they provide no adequate statement of facts that state any claim plausible on

its face. Given the lack of any factual allegations in Plaintiff's Amended Complaint and other

pleadings, the Court cannot find it to contain sufficient factual matter to state a claim that is

plausible. Plaintiff has made no factual allegations that would support a Title VII claim, ADEA

claim, ADA claim, or any related claim for retaliation. The Court finds that these claims should be

dismissed for failure to state a claim under Rule 12(b)(6).

In addition to the noted deficiencies of Plaintiff's Amended Complaint, Defendant also seeks

dismissal of Plaintiff's claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P.

12(b)(1) because Plaintiff failed to exhaust his administrative remedies by not obtaining a right-to-

---

[26]*Id.*

sue letter from the EEOC.  It points out that Plaintiff admits in his Amended Complaint that he did

not receive a Notice of Right-to-Sue Letter.  Defendant argues that, because Plaintiff has failed to

exhaust his administrative remedies, the Court does not have subject matter jurisdiction over these

claims.

       Exhaustion of administrative remedies is a jurisdictional prerequisite to bringing an action

in federal court under Title VII,[27] the ADA,[28] and the ADEA.[29]  To exhaust administrative remedies,

a plaintiff generally must present his claim to the Equal Employment Opportunity Commission

(EEOC) or authorized state agency, which in Kansas is the Kansas Human Rights Commission

(KHRC), and receive a Notice of Right-to-Sue letter based on that charge.[30]  In a state that has an

entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an

employee who initially files a grievance with that agency must file the charge with the EEOC within

300 days of the employment practice.[31]  Kansas is such a state.  Therefore, a plaintiff must file an

administrative charge with EEOC within 300 days after the alleged act of discrimination.[32]  In

---

[27]*Jones v. Runyon,* 91 F.3d 1398, 1399 (10th Cir. 1996).

[28]*Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007) ("Title I of the ADA requires a plaintiff to exhaust [his or] her administrative remedies before filing suit.").

[29]*Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (holding that "a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under the ADEA").

[30]*Simms v. Okla. ex. rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999).

[31]*Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109 (2002).

[32]*Goodwin v. Gen. Motors Corp.*, 275 F.3d 1005, 1009 (10th Cir. 2002). *See also Nat'l R.R. Passenger Corp.,* 536 U.S. at 110 (plaintiff must file an EEOC charge within 300 days of the date of each discrete act of discrimination or "lose the ability to recover for it").

addition, Plaintiff's alleged claims under the ADA and ADEA would also require a charge of discrimination to have been filed within 300 days of the alleged unlawful employment practice.[33] The filing is a prerequisite to a civil suit, and a claim is time-barred if it is not filed within these time limits.[34]   This exhaustion requirement is a prerequisite to suit that functions like a statute of limitations rather than as a jurisdictional requirement.[35]

The Amended Complaint itself states that Plaintiff did not receive a Notice of Right-to-Sue Letter.  It further alleges "Aug 06" as the date the discrimination occurred.  The Court construes this to be August of 2006.  If Plaintiff's employment was terminated in August 2006, he would be required to have filed his administrative charge of discrimination within 300 days of the date of the termination of his employment.  After Defendant filed its motion to dismiss for failure to exhaust administrative remedies, Plaintiff filed a Notice (doc. 15) in an apparent effort to cure this noted deficiency.  The Notice shows that the EEOC closed its file on Plaintiff's charge of discrimination based upon his failure to timely file it with that agency.  It further shows that Plaintiff first filed his Charge of Discrimination on October 17, 2008, with the Kansas Human Rights Commission. Therein, he stated that the latest discrimination took place March 17, 2007.  By the Court's calculation, Plaintiff filed the charge 580 days after the last alleged unlawful employment practice.

---

[33]*See* 29 U.S.C. § 626(d)(2) (aggrieved employee must file a charge under ADEA with the EEOC within 300 days of the alleged unlawful discriminatory practice);  42 U.S.C. § 12117(a) (incorporating the powers, remedies, and procedures under Title VII for ADA claims).

[34]*Nat'l R.R. Passenger Corp.,* 536 U.S. at 109 ("A claim is time barred if it is not filed within these time limits.").

[35]*See Beaird v. Seagate Tech., Inc.,* 145 F.3d 1159, 1174-75 (10th Cir. 1998) ("Because the timely filing of a discrimination charge with the EEOC is not a jurisdictional prerequisite to a suit in federal court, it is best likened to a statute of limitations and is therefore subject to waiver, estoppel and equitable tolling.").

Plaintiff had a maximum of 300 days after March 17, 2007, in which to file a charge of discrimination with either the KHRC or the EEOC.  Under either alleged last day of discrimination, August 2006 or March 17, 2007, Plaintiff has failed to timely file a charge of discrimination within 300 days of the discrimination as required for his claims under Title VII, the ADEA, and the ADA. Plaintiff's employment discrimination and retaliation claims are therefore barred as untimely.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Dismiss (doc. 11) is sustained.  Plaintiff's Amended Complaint is hereby dismissed with prejudice.

**IT IS FURTHER ORDERED THAT** Defendant's alternative motion for more definite statement is denied as moot.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to the Judge to Intervene (doc. 38), Defendant's Motion to Compel (doc. 45), Plaintiff's Motion for Extension of Time (doc. 48), Defendant's Motion to Order Plaintiff to Attend his Scheduled Deposition (doc. 50), Defendant's Motion to Amend Scheduling Order (doc. 54), and Defendant's Motion for Sanctions (doc. 56) are denied as moot.

Dated in Kansas City, Kansas on this 25th day of September, 2009.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

11